IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-00085
Conference Calendar
_____

TENNESSEE GAS PIPELINE CO.,

Plaintiff-Petitioners,

versus

HOUSTON CASUALTY INSURANCE CO.,

Defendant-Respondents.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. CA-94-1443
- - - - - - - - - -
June 27, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Tennessee Gas Pipeline's petition for interlocutory appeal is DISMISSED as moot. Although "[f]ailure to file an application for permission to appeal from an interlocutory order . . . within the ten-day period prescribed by 28 U.S.C. § 1292(b) and Rule 5(a), Fed. R. App. P., is a jurisdictional defect that deprives the appellate court of power to entertain the appeal," the parties can request that the district court re-enter the order as certified. Aparicio v. Swan Lake, 643 F.2d 1109, 1111 (5th Cir.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1981).  A new ten-day period is triggered by such re-entry.  See id. at 1111-13.

In May, TGP requested that the district court re-enter its order as certified while this appeal was still pending.  The district court did so on May 26, 1995.  Thereafter, TGP again petitioned this court for interlocutory appeal, which the Clerk's office docketed as a separate appeal under docket number 95-00122.  Accordingly, TGP's earlier petition for interlocutory appeal is moot in light of their timely appeal under docket number 95-00122.

DISMISSED.